UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS STATEWIDE BENEFIT FUNDS AND THE TRUSTEES THEREOF,<br><br>Petitioners,<br><br>v.<br><br>INNOVATIVE MASONRY,<br><br>Respondent. | Civ. No. 14-3112 (KM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

Before the Court is the petitioner's unopposed motion to confirm an arbitration award in favor of a labor union. I will confirm the award.

**I.   BACKGROUND**

The petitioner in this case, the New Jersey Building Laborers Statewide Benefit Funds and the Trustees Thereof (the "Fund") is an employee benefit fund affiliated with a labor union. The Fund alleges that the respondent, Innovative Masonry, entered into a collective bargaining agreement with the labor union. That agreement required Innovative Masonry to make contributions to the Fund on behalf of its unionized employees. According to the Fund, Innovative Masonry was delinquent in making those contributions during the period from October 11, 2013 through December 13, 2013. (Default Award of Arbitrator ("Arb. Award"), Ex. D., Petition to Confirm Arbitration Award ("Petition"), Dkt. No. 1, at 22)

The Fund initiated arbitration proceedings against Innovative Masonry to recover the delinquent funds. A hearing was held on March 25, 2014. The record indicates that Innovative Masonry did not attend the hearing. (*Id.*)

1

The arbitrator found that Innovative Masonry was bound by its collective bargaining agreement ("CBA") with the Fund and that it failed to make the benefit contributions required by Articles X, XIV, and XV of that agreement during the period from October 11, 2013 through December 13, 2013. (*Id.*) The arbitrator awarded the following relief:

- $17,417.26 in delinquent contributions;
- $1,128.42 in interest;
- $3,483.45 in liquidated damages;
- $3,956.38 in attorneys' fees; and
- $800 in arbitration fees

(*Id.* at 23) All told, the arbitrator ordered Innovative Masonry to pay $26,785.51 in damages. The Fund states that following the arbitration, Innovative Masonry has made partial payment in the amount of $15,511.42.

## II. DISCUSSION

A court may vacate an arbitrator's award "if it does not draw its essence from the collective bargaining agreement, but instead represents the arbitrator's own brand of industrial justice." *Tanoma Min. Co. v. Local Union No. 1269, United Mine Workers of Am.*, 896 F. 2d 745, 747-48 (3d Cir. 1990) "This exception is a narrow one." *Id.* So long as an arbitration award "draws its essence from the bargaining agreement," or "can in any rational way be derived from the agreement," it must be upheld. *Id.*

I find that under this lenient standard of review, the arbitrator's award must be upheld in its entirety because it is consistent with the terms of the CBA, as well as the Declaration of Trust executed by the parties. (*See* Exs. A, C, Petition, Dkt. No. 1)

Innovative Masonry was required to make benefit contributions to the Fund under Articles X and XIV of the CBA and Article V, Section 1 of the Declaration of Trust. (Ex. A, Dkt. No. 1, at 6; Ex. C, Dkt. No. 1, at 17) The arbitrator cites certain of these provisions in finding that Innovative Masonry "was, and is, obligated to make benefit contributions to the [Fund]" between

October 11, 2013 and December 11, 2013 in the amount of $17,417.26. (Arb. Award, Dkt. No. 1, at 22) This award necessarily "derive[s] from" the parties' agreements, *Tanoma Min. Co.*, 896 F. 2d at 747-48, and will be upeld.

Article V, Section 4 of the Declaration of Trust sets forth the interest rate and liquidated damages to be awarded in the event that Innovative Masonry failed to make contributions. (Ex. C, Dkt. No. 1, at 17) It provides that interest shall accrue at the rate of 1.5% compounded per month from the date the contributions were due until the date paid. (*Id.*) It also states that liquidated damages may, in the Fund's discretion, equal at 20% of the unpaid contributions. Here, the interest awarded by the arbitrator—$1,128.42—does not exceed the agreed upon rate. Likewise, the liquidated damages award—$3,483.45—is equal to 20% of the delinquent contributions. Accordingly, these awards will be upheld.

Article XV of the CBA states: "[I]n the event the Employer is delinquent in payment of contributions to the Funds, or wages, the delinquent employer shall also be required to pay attorneys' fees and court and arbitration costs, if any, whenever the services of an attorney or arbitrator are necessary to recover the amount due." (Ex. A., Dkt. No. 1, at 23) Article XV further provides that the attorneys' fees incurred in an arbitration shall be calculated at the rate of 27.5% of the first $750 awarded, and 22.5% for any amounts above that figure. Pursuant to these provisions, the arbitrator awarded $3,956.38 in attorneys' fees and $800 in arbitration fees. I will uphold both awards. Article XV expressly provides for the award of an arbitration fee, and the amount of the fee is not unreasonable. Likewise, the attorneys' fees award is consistent with the formula contained in that provision.

## III. CONCLUSION

The arbitrator's award of $26,785.51 is confirmed. Less the $15,511.42 already paid in partial satisfaction of this amount, Innovative Masonry shall pay to the Fund $11,274.09.

A separate Order will issue.

Dated: August 3, 2015

_____
KEVIN MCNULTY, U.S.D.J.

4